### CANNON v. TAYLOR et al. (No. 1047.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 29, 1924. Rehearing Denied March 19, 1924.)

Vendor and purchaser ⊜ 341(3)—Purchaser held not entitled to recover back earnest money because of failure to furnish abstract.

Where a contract for the sale of a royalty interest in land provided that vendor was to furnish a complete abstract of title to the land within ten days from date of the contract, and, if found defective, was to have five days more in which to complete the abstract, and purchaser sued to recover the earnest money on the ground of noncompliance with such provision, evidence *held* to sustain a finding of compliance and that vendor was entitled to the earnest money.

Appeal from Liberty County Court; C. R. Wilson, Judge.

Action by C. C. Cannon against Hubert Taylor and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Stevens & Stevens, of Houston, for appellant.

J. Llewellyn, of Liberty, for appellees.

WALKER, J. This was a suit by appellant to recover of appellees, the Hull State Bank, Hubert Taylor, and M. G. McLaughlin, $375, which had been placed in the defendant bank by appellant as earnest money on a written contract, by the terms of which appellant was contracting to pay defendant Taylor $3,750 in cash for a certain royalty interest in a certain piece of land in Liberty county, Tex. Taylor was to furnish "a complete abstract of title" to the land within ten days from the date of the contract, and if found defective, he was to have five days more in which to complete the abstract. Appellant brought his suit on the theory that appellees had breached the contract by failing to furnish the abstract in accordance with

its terms. The answer was, in effect, a general demurrer and an estoppel against the alleged breach. The court heard the case without a jury, and, without filing conclusions of law and fact, judgment was rendered in favor of appellees.

The evidence shows that the title to the royalty interest was in the minor children of Taylor, and that he furnished an abstract showing a good title in them. The objection to the abstract was that it did not include the orders in probate appointing Taylor guardian of his minor children, but the evidence raised the issue that the abstract offered was in compliance with the understanding of the parties, in that it was not contemplated by the parties in making the contract that it should contain the orders of probate, but only show a good title in the minors. While the abstract was not furnished within the time provided by the terms of the contract, the evidence raised the issue that appellant waived this provision. There being evidence then to support the trial court's judgment on the theory that the abstract tendered was in compliance with the contract, and that the appellant waived the provision as to the time within which the abstract should be furnished, and it appearing that appellant refused to accept the title tendered, judgment was properly rendered for appellees for the $375, which had been placed in escrow by appellant.

The doctrine of election of remedies, as illustrated and found by the court in the case of Greenwall Theatrical Circuit Co. v. Markowitz, 97 Tex. 479, 79 S. W. 1069, 65 L. R. A. 302, while involved in certain phases of the case, is not decisive of this appeal, which appears from the statement we have made of the facts.

The judgment of the trial court is in all things affirmed.